IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2008

GREGORY C. LANGHAM
                                        CLERK

Civil Action No. 08-cv-01975-BNB

JEFFREY M. KELLAMS, DOC #66795, Bent County Correctional Facility, 11560 County Rd. FF 75, Las Animas, CO 80154-9573,

　　　　Plaintiff,

v.

CORRECTIONS CORPORATIONS OF AMERICA (CCA), 10 Burton Hills Blvd., Nashville, TN 37231,
CROWLEY COUNTY CORRECTIONAL FACILITY, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,
DICK SMELSER, Warden of 2007 at Crowley County Correctional Facility, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,
COLORADO BOARD OF PAROLE, 1600 W. 24th St. #54, Pueblo, Colo. 81003,
DAVID L. MICHAUD, Chairman of Colo. Board of Parole, 1600 W. 24th St. #54, Pueblo, Colo. 81003,
COLORADO DEPARTMENT OF CORRECTIONS, Office of Offender Services, 2862 S. Circle Dr., Colo. Springs, Colo. 80906,
EXECUTIVE DIRECTOR ARISTEDES W. ZAVARAS of the Colo. Dept. of Corrections, 2862 S. Circle Dr., Colo. Springs, Colo. 80906,
SGT. MADRID, Cell House Six, July - Aug. 2007, 6564 State Hwy 96 (CCCF), Olney Springs, Colo. 81062-8700,
J. SANCHEZ, Case Manager, Cellhouse Five POD C July 07 - Jan 08, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,
G. HOWELLS, Case Manager, Cellhouse One POD A July - Aug - Sept 2007, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,
MRS. FLORES, Case Manager Cellhouse One POD C Aug. 07 - Dec. 07, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,
UNIT MANAGER CHAVES, Unit One July - Dec 2007, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,
LINDA LYONS, Law Librarian, July-Dec 2007, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700, and
SHIFT COMMANDER FLORES, Sept - Dec 2007, 6564 State Hwy 96, Olney Springs, Colo. 81062-8700,

　　　　Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jeffrey M. Kellams, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is confined at the Bent County Correctional Facility in Las Animas, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Kellams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kellams will be ordered to file an amended complaint.

Mr. Kellams may not sue the DOC or its correctional facilities or the state parole board for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The Court also finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Kellams "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Kellams' complaint is confusing and verbose. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Kellams apparently expects the Court to speculate who is being sued for what and how his

3

constitutional rights have been violated. That is not a judicial function. It is Mr. Kellams' responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Kellams must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Kellams also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Kellams must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Warden Dick Smelser, Colorado Board of Parole Chairman David L. Michaud, or DOC Executive Director Aristedes W. Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1C. and that Mr. Kellams should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Kellams file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kellams, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Kellams fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 29, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01975-BNB

Jeffrey M. Kellams
Prisoner No. 66795
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 9/29/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk